UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14217-CIV-MAYNARD[1]

FAITH SCHMIDT,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting her claims nor timely complied with my series of Orders reminding her that failure to file an Amended Complaint could result in dismissal. DE 9 at 5; DE 11 at 2; DE 16 at 2. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

On June 23, 2025, Plaintiff filed the Court's standard *Pro Se* Complaint Form with "see petition" written in the sections provided to describe the "Statement of Claim" and "Relief Requested." DE 1 at 1–3. Plaintiff attached a document labeled "Petition for Declaratory and Equitable Relief." *Id.* at 6–8. I found that Plaintiff had not presented a proper complaint. DE 9 at 1. I also noted that even if the statements in Plaintiff's original filing were considered part

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

1

of a valid complaint, the statements would be "insufficient to state a claim under Rule 8." *Id.* at 3.  I granted Plaintiff leave to file an Amended Complaint in accord with the Federal and Local Rules of Civil Procedure on or before September 25, 2025.  *Id.* at 5.  I warned Plaintiff that "**[f]ailure to comply with this Order may result in the Plaintiff's case being dismissed and her case closed without further notice.**" *Id.* (emphasis in original).  Plaintiff did not comply by September 25, 2025.  I granted Plaintiff additional time to comply, setting a new deadline of October 27, 2025.  DE 11 at 2.  I again warned Plaintiff "**that failure to timely file a Complaint in compliance with this Order's directives will result in a recommended final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.**" *Id.* (citing Fed. R. Civ. P. 41(b)) (emphasis in original).

On October 22, 2025, Plaintiff filed a Motion for Extension of Time to File Complaint. DE 14.  Plaintiff cited her involvement in other time-sensitive legal proceedings and asked that the deadline to file an Amended Complaint be extended to December 1, 2025.  *Id.* at 1–2.  I granted the Motion for Extension of Time, reminding Plaintiff that "**failure to timely comply . . . may result in a final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.**"  DE 16 at 2 (citing Fed. R. Civ. P. 41(b)) (emphasis in original).  Plaintiff has not filed an Amended Complaint.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack

of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Nearly six months have passed since Plaintiff filed her original Complaint. A series of prior Court Orders have provided her with clear guidance and ample opportunity to file an Amended Complaint to continue prosecuting this case. Plaintiff has been given fair warning three times that her failure to file an Amended Complaint and timely pursue this case could lead to this case be dismissed without further notice. It appears that Plaintiff does not intend to pursue her claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b)

(providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 9th day of December, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Faith Schmidt, *pro se*
3603 Wilderness Drive West
Fort Pierce, FL 34982

4