UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:25-cv-14217-LEIBOWITZ/MAYNARD

**FAITH SCHMIDT,**
    *Plaintiff,*

v.

**FLORIDA DEP'T OF CHILDREN
AND FAMILIES,** *et al.,*
    *Defendants.*
_____/

## OMNIBUS ORDER

THIS MATTER is before the undersigned on a Report and Recommendation ("R&R") of United States Magistrate Judge Shaniek Mills Maynard [ECF No. 21] as well as *pro se* Plaintiff's "Emergency Motion for Extension of Time, Objections to Report and Recommendation, and Request for Equitable Relief" [ECF No. 22] and Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] (collectively, the "Motions"). The Court has reviewed the R&R, the Motions, relevant portions of the record, and the applicable law. For the reasons explained below, Plaintiff's Motions are DENIED, Plaintiff's OBJECTIONS to the R&R are OVERRULED, and the Report and Recommendation is ADOPTED AND AFFIRMED.

### I.    BACKGROUND

*Pro se* Plaintiff commenced this action on June 24, 2025, by filing a civil rights complaint under 42 U.S.C. § 1983 attached to which is a "Petition for Declaratory Relief and Equitable Protective Injunction" against the "Florida Department of Children and Families, Fort Pierce Police Department, DCF Agent Tarika, DCF Agent Charlie Parker, Officer Doe 1-24, including Officer Lewis, Officer Clark, Officer Kelley, Officer Cesanchez, Officers Reese, Love, and Sharp, Deputy Gregg Hayford and Unknown Collaborators acting under color of law." [*See* ECF No. 1 at 4]. The core allegations against Defendants arise from their alleged removal of a minor child from Plaintiff's custody in May

1

and June of 2025, "without probable cause, lawful warrant, or adjudicated harm." [*Id.* at 5 ¶ 2, 7–8]. For relief, Plaintiff seeks a declaration as follows:

  a) No valid service or warrant has been lawfully effected (sic);
  b) The child in question is in lawful private custody with no judicial finding of harm;
  c) Agents acting under color of law must cease further attempts without Article III court authorization and sworn probable cause.

[*Id.* at 8]. Plaintiff also sought leave of court to proceed in this action without prepayment of the filing fee (the "IFP Motion") [ECF No. 3].

On July 10, 2025, the Court provided Plaintiff with a copy of its Order of Instructions to *Pro Se* Litigants, advising Plaintiff of her obligation to "actively" pursue her case and "to comply with the rules of civil procedure, local rules, and the Court's orders." [ECF No. 2]. On September 11, 2025, United States Magistrate Judge Shaniek Mills Maynard reviewed Plaintiff's Complaint and found it failed to comply with both the Federal and Local Rules of Civil Procedure. [ECF No. 9 at 5]. Judge Maynard thus reserved ruling on Plaintiff's IFP Motion pending Plaintiff's filing of an amended complaint that conformed to the pleading standards required by this Court. [*Id.* at 4]. Judge Maynard gave Plaintiff two weeks to file an amended pleading, warning that failure to comply "**may result in Plaintiff's case being dismissed and … closed without further notice**." [*Id.* at 5 (emphasis in original)]. Plaintiff did not file an Amended Complaint by the court-ordered deadline.

On September 30, 2025, Judge Maynard issued another order, extending the deadline by one month for Plaintiff to file an Amended Complaint and warning Plaintiff once again that "**failure to timely file a Complaint in compliance with this Order's directives will result in a recommended final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.** *See* **Fed. R. Civ. P. 41(b).**" [ECF No. 11 at 2 (emphasis in original)]. On October 22, 2025, Plaintiff moved for an extension of time to file the amended pleading

2

[ECF No. 14], which Judge Maynard granted [ECF No. 16 at 2]. This time, the Court ordered Plaintiff to file an Amended Complaint by December 1, 2025, cautioning her a third time that "**failure to timely comply with this Order's directives may result in final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b).**" [*Id.*]. Plaintiff did not file an amended complaint by December 1, 2025; therefore, Judge Maynard issued the instant R&R, recommending the case be dismissed for failure to prosecute and for failure to comply with court orders. [ECF No. 21].

In response to the R&R, Plaintiff filed both a motion for an extension of time to file an Amended Complaint as well as objections to the R&R. [*See* ECF No. 22]. As for the requested extension, Plaintiff contends the Court should allow her to file an out-of-time complaint at this late date because she has been preoccupied with the "imminent loss" of her home due to foreclosure; thus, Plaintiff can demonstrate good cause and excusable neglect for the late filing. [*Id.* at 6–7]. As for Plaintiff's objections to the R&R, Plaintiff says only that "the December 1, 2025, deadline was missed due solely to documented overlapping emergencies and not due to any willful, contumacious, or negligent conduct." [*Id.* at 6].

## II.     LEGAL STANDARD

After conducting a review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort v. Prem.*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)).

### III.     DISCUSSION

The Court is not unsympathetic to Plaintiff's plight.  However, Plaintiff filed this action more than six months ago; Plaintiff has been afforded three bites at the apple over a three-month period to file a complaint that conforms to this Court's rules; and Plaintiff was even granted the additional extension she requested in October for a "**December 1, 2025**" deadline because she was involved in "multiple urgent legal proceedings."  [*See* ECF No. 14 ¶¶ 2, 3].  Meanwhile, Plaintiff has not paid the filing fee as this case sits on the Court's docket going nowhere.

Notably, Plaintiff's home was in foreclosure when she filed her IFP Motion.  [*See* ECF No. 3 at 2].  So, Plaintiff chose to bring this action despite ongoing foreclosure proceedings, which now she claims is an excuse for failing to meet her own requested (and court-ordered) deadline.  That excuse falls flat.  Plaintiff was warned on four separate occasions that failure to prosecute her case in compliance with court rules and court orders brings with it the price of dismissal.  This case will not languish on the Court's docket *ad infinitum*.

Finally, Plaintiff is incorrect that the Court must find "willful, contumacious, or negligent" conduct to dismiss her action.  That standard applies to a dismissal *with prejudice*. *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983) ("dismissal of an action with prejudice 'is a sanction of last resort, applicable only in extreme circumstances.'") (quoting *State Exchange Bank v. Hartline,* 693 F.2d at 1352 (quoting *EEOC v. First National Bank,* 614 F.2d 1004, 1007 (5th Cir. 1980)).  Judge Maynard recommends that Plaintiff's case be dismissed *without prejudice*, which means Plaintiff can refile the case if she can at long last file a complaint that cures the deficiencies previously identified by Judge Maynard.  Accordingly, this case is due to be DISMISSED.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b) and *Lopez*

*v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *see also Middlebrooks v. City of Macon-Bibb Cnty., Ga.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *12 (M.D. Ga. Feb. 12, 2024) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (affirming dismissal of action with prejudice for failure to comply with a court orders and court rules).

## IV.  CONCLUSION

In view of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follow:

1. The IFP Motion [**ECF No. 3**] is **DENIED**.
2. Plaintiff's Motion for Extension [**ECF No. 22**] is **DENIED**.
3. Plaintiff's Objections to the R&R are OVERRULED.
4. The Report and Recommendation [**ECF No. 21**] is ADOPTED AND AFFIRMED and fully incorporated herein.
5. The Clerk is DIRECTED to CLOSE this case.
6. Any pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida on January 7, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   Faith Schmidt, *pro se*
      3603 Wilderness Drive West
      Fort Pierce, FL 34982